## Case No. 2,253.

### BUTTERWORTH v. The WASHINGTON.

[21 Betts. D. C. MSS. 71.]

District Court, S. D. New York. March Term, 1853.

SALVAGE—NAVIGATING VESSEL—CO-SALVORS—COMPENSATION.

[1. A ship, in answer to a signal of distress in moderate weather, with free wind, about 1,000 miles from New York, deviated from three to five miles from her course, and at the request of the second mate of a brig which had lost her other officers and part of her crew, and who was ignorant of navigation or of the position of his vessel, placed a navigator aboard the brig, who safely brought her to port. The brig was of the value of about $6,000, and the cargo of about $20,000. *Held*, that the aid rendered, being continuous until the safety of the vessel was assured, though of slight character, constituted a salvage service.]

[2. When the subject matter is plainly within the admiralty jurisdiction, the court may award compensation for maritime service at sea, as it does for technical salvage service in like cases.]

[3. The master and owners of the ship are to be deemed co-salvors with the navigator.]

[4. The salvors were awarded $500, with costs, no compensation having been offered before suit brought, such sum to include libellant's expenses of suit.]

[In admiralty. Libel by John F. Butterworth, owner of the ship John Barring, against the brig Washington and cargo (M. & W. Livingston claimants), for salvage services.]

Before BETTS, District Judge.

The brig Washington, on her voyage from the coast of Africa to New York, lost at sea her first mate and one seaman. The captain and one seaman died on the coast before the vessel sailed. She went out with captain, first and second mate, steward, and 6 seamen before the mast. One seaman, a Portuguese, was shipped on the coast. The first mate was taken sick some 6 days out, and was unable to do duty afterwards; one seaman died about 3 weeks out, and the first mate died a few days afterwards. He was delirious the day before his death. The vessel was left in charge of the second mate and three seamen,—one unable to speak English or understand English. The day after (April 18) the ship John Barring was discovered, 3 to 5 miles off, and a signal of distress was hoisted on the brig. The ship answered the signal, and bore down upon the wind, and spoke the brig, and ascertained that her officers were dead, and that the person in charge of her was incapable of sailing her, and. the help of some important person being requested, libellants put a navigator on board, who brought the brig into this port on the 8th of May. He was, when put on board, acting as one of the crew of the ship. The brig, when boarded, was from 1,000 to 1,200 miles from New York, and about the same distance from Norfolk. The second mate was ignorant of navigation and of the place where the vessel was, and no person on board was capable of bringing her into port. She was worth about $6,000 and had a cargo on board of the value of nearly $20,· 000. The ship was detained about an hour putting the navigator on board, and ran off her course about 5 miles in answer to the signal. She had the wind free. and fresh when she bore away to the brig, and took in and altered sail to reach her. It was open day time and mild weather.

1. The aid rendered the brig may be properly classed as a salvage service by the libellants, though of a very slight character. Furnishing aid to the brig from the Barring, important to her navigation and safety, and continuing that assistance until the safety of the brig was secured, seems to fall within the designation of salvage service recognized by the courts.

2. This case is distinguishable from The Woodsides [unreported], because the brig was brought into port by the continual services of those claiming to be salvors. Talbot v. Lace [Seeman] 1 Cranch [5 U. S.] 42; The Healy [Case No. 2,849]; The Henry Ewbank [Id. 6,376].

3. Cases of trivial merit are compensated in the name of salvage service, where the assistance furnished is continuous till the ship is in safety. The Hector, 3 Hagg. Adm. 90; The Harvey, Notes Cas. 153. And the English cases do not seem to discriminate with any attention between cases strictly of a salvage character and those in which the assistance is pro opere est labore, in any respect other than as to the amount awarded.

4. There is essentially no reason for the distinction when the subject matter is plainly within the jurisdiction of the court, because the court exercises the same functions in awarding compensation for maritime services at sea, by the crew of one vessel to another, as it does for services technically salvage in like cases.

5. The case of The Dido [Case No. 3,900] in this court is the most prominent instance in which that distinction is made a vital point in the right of maritime liens. The district court awarded salvage to a pilot boat for towing in a disabled vessel. The circuit court reviewed the decision on the ground that the same was extra pilotage or a maritime service not salvage in character, but demanded substantially the same compensation given the original hearing.

6. The relief in this case was stricti juris of a salvage character; very important to the brig, but not accompanied by any extraordinary peril, execution, or merits of the salvors other than a disposition to meet pressing want of the brig, yet one deserving commendation and encouragement, because it was the only means of rescuing a large amount of property which was saved by that aid.

7. The master and owners are to be deemed co-salvors with Wethby, and, in view of the value of the brig and cargo, her destitute situation, and the distance she was navigated to a port of safety, the libellants are decreed the sum of $500, with costs. The sum is intended to provide also for the libellants expenses of suit, not taxable. It is equitable and reasonable that provision shall be made to indemnify to libellants their expenses inasmuch as the claimants did not offer a proper compensation before suit brought. If the libellants do not agree as to the distribution, application must be made to the court on proper findings between them for its order in that behalf.